UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RBS CITIZENS, N.A.,

    Plaintiff,

v.                                    Case No. 10-C-101

HARTWIG TRANSIT, INC., et al.,

    Defendants.

**ORDER**

Defendants removed this action from Winnebago County Circuit Court on February 5. Plaintiff RBS Citizens, N.A. has now filed an expedited motion to remand the action. It asserts that Defendant 4R Enterprises, Inc., is a corporation whose principal place of business is in Wisconsin. Under the forum defendant rule, 28 U.S.C. § 1441(b), a case cannot be removed if one of the defendants "is a citizen of the state in which the action is brought." Because 4R is a citizen of Wisconsin, and because the original action was brought in Wisconsin state court, Plaintiff argues, removal was improper.

The Defendants disagree that 4R is a Wisconsin company. Although certain documents refer to its business location as being in Oshkosh, the company's "nerve center" is in Illinois. For diversity purposes, a corporation's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," which some courts refer to as the company's "nerve center." *Hertz Corp. v. Friend,* — U.S. — , 2010 WL 605601, 11 (2010). Defendants assert that all of the decisions about the company are made in

Lakewood, Illinois. (Hartwig Aff., ¶ 7.) As such, removal is proper because it does not violate the forum defendant rule.

It is clear that there is a dispute about 4R's principal place of business that cannot be resolved through an expedited motion. The motion will therefore be denied. If Plaintiff obtains additional evidence that it believes shows 4R actually is a Wisconsin corporation, it may move for remand at such time. (There is no time limit on jurisdictional remands.)

In addition, my review of the complaint suggests the possibility of a more fundamental jurisdictional problem. The complaint states that the Plaintiff's address is in Chicago, and it has sued a defendant, Hartwig Transit, whom no one disputes is an Illinois corporation. (Dkt. # 13, Ex. 2.) Thus, regardless of whether 4R is *also* an Illinois company, it appears possible that there is an Illinois corporation on both sides of this lawsuit. Although the complaint does not state that RBS Citizens N.A. has its principal place of business in Illinois, that is at least a possibility suggested by the complaint. This should be cleared up quickly.

The motion for remand is **DENIED** without prejudice. Within two weeks, Plaintiff is directed to file a brief statement indicating the state of its principal place of business so that this Court can ensure subject matter jurisdiction exists.

Counsel for defendants filed a motion [16] seeking leave to file a declaration by Jim Koshollek. That request is **GRANTED** and the clerk shall detach the declaration and efile the document.

**SO ORDERED** this   2nd    day of March, 2010.

                                         s/ William C. Griesbach
                                         William C. Griesbach
                                         United States District Judge